UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEVANDAL BERNARD THOMAS,

Plaintiff,

v. Case No. 3:15-cv-618-J-34JRK

WILLIAMS E. DANIEL, et al.,

Defendants.

---

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Devandal Bernard Thomas, an inmate of the Florida penal system, initiated this action on May 19, 2015, by filing a pro se Complaint (Doc. 1) under 42 U.S.C. § 1983. In the Complaint, Thomas asserts that the Defendants assaulted him on January 27, 2008, failed to intervene to stop the staff abuse and thereafter failed to provide proper medical care for Thomas's injuries. As relief, Thomas requests monetary damages and medical treatment.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the

official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). "Moreover, 'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cnty, Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under 42 U.S.C. § 1983.

The Court is convinced, upon review of the Complaint, that it is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of federal constitutional deprivation since the action is barred by the statute of limitations. Plaintiff's assertions pertain to an alleged January 27, 2008 assault at Union Correctional Institution. Although 42 U.S.C. § 1983 does not have a statute of limitations provision, the courts look to the limitation periods prescribed by the state in which the litigation arose. In all § 1983 actions, the state limitations statute governing personal injury claims should be applied. See

Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under Wilson, the proper limitations period for all § 1983 actions in Florida is the four-year limitations period set forth in Florida Statutes section 95.11(3). In sum, the appropriate limitations period for Plaintiff's federal constitutional claims is four years:

> The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries. See Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (stating that state statutes of limitations for personal injuries govern § 1983); Baker v. Gulf & Wester Industries, Inc., 850 F.2d 1480, 1482 (11th Cir. 1988) (stating that Fla. Stat. Ann. § 95.11(3) provides for a four-year limitations period for personal injuries).

Omar ex. re. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam); Henyard v. Sec'y, Dep't of Corr., 543 F.3d 644, 647 (11th Cir. 2008).

As stated above, Plaintiff's Complaint concerns events that allegedly occurred on January 27, 2008. Plaintiff's action is barred by the statute of limitations and is due to be dismissed as frivolous.[1] See Clark v. State of Ga. Pardons & Paroles Bd., 915

---

[1] In 2011, Mr. James V. Cook, an attorney who reviewed Thomas's allegations, ultimately declined to represent him. Nevertheless, Mr. Cook encouraged Thomas to speak to other attorneys since "the statute of limitations is so close . . . ." Motion for Appointment of Counsel (Doc. 2), Exhibit A, Letter, dated October 23, 2011, from James V. Cook to Devandal Thomas ("I recommend you seek legal counsel quickly so the case is not barred by statute of limitations or claims notice problems.").

F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

In consideration of the foregoing and upon review of the Complaint, the Court is convinced that it is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of federal constitutional deprivation since the action is barred by the statute of limitations. Therefore, this case will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice as frivolous.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminating any pending motions and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of June, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

sc 6/25
c:
Devandal Bernard Thomas, #182913